IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NICHOLE HAMBY, et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. 17-CV-17-SMY-DGW ) |
| BAYER, CORP., et al., | ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand (Doc. 16). Plaintiffs seek to remand this case back to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois because this Court lacks subject matter jurisdiction. Defendants oppose the motion (Doc. 24). For the following reasons, Plaintiffs' motion is **GRANTED**.

## Background

Plaintiffs are 86 individuals who are citizens of 22 different states (Doc. 1-1, p. 4-7).[1] Defendant Bayer Corporation is a citizen of Indiana and Pennsylvania, Defendant Bayer Healthcare LLC is a citizen of Delaware and Pennsylvania, Defendant Bayer Essure Inc. is a citizen of Delaware and New Jersey, and Defendant Bayer Healthcare Pharmaceuticals, Inc. is a citizen of Delaware and New Jersey (Doc. 1-1, p. 7-8).

Plaintiffs filed this action in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, seeking damages against Defendants arising out of alleged injuries sustained as a result of the implantation and use of Essure – a medical device designed to be a form of

---

[1] Specifically, Plaintiffs are citizens of Illinois, Virginia, Georgia, Indiana, Arizona, Pennsylvania, Nevada, Ohio, Oregon, Texas, Colorado, North Carolina, New York, West Virginia, Alabama, Oklahoma, Kentucky, Florida, Kansas, Delaware, Iowa, and New Jersey.

permanent female birth control. Defendants removed the action to this Court asserting diversity citizenship jurisdiction pursuant to 28 U.S.C. § 1332 and federal question jurisdiction pursuant to 28 U.S.C. § 1331.

**Discussion**

A civil action may be removed to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441. Courts have original jurisdiction of civil actions if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.,* 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted). The removal statute is construed narrowly and any doubts regarding jurisdiction are resolved in favor of remand. *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993). If the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c). The burden of establishing federal jurisdiction falls on the party seeking removal. *Id*.

It should be noted that this Court previously *sua sponte* remanded a nearly identical multi-plaintiff litigation involving the same arguments, the same defendants and the same product at issue in this case. See *Rios v. Bayer Corp.*, No. 16-CV-1010-SMY-RJD, 2016 WL 5929246 (S.D. Ill. Oct. 12, 2016), *appeal docketed*, No. 16-3896 (7th Cir. Nov. 14, 2016). Here, Defendants are citizens of Indiana, Pennsylvania, Delaware and New Jersey. Plaintiff Holly Masclans is a citizen of New Jersey, Plaintiffs Dawn Heit and Stephany Carrigg are citizens of Indiana, Plaintiffs Elizabeth Byler, Vanessa Ramos and Christa Cole are all citizens of Pennsylvania and Plaintiff Tonya Williams is a citizen of Delaware. As such, complete diversity does not exist on the face of the Complaint.

Defendants do not deny that complete diversity is lacking. Rather, they argue that this

Court nonetheless has diversity jurisdiction because the out-of-state Plaintiffs' claims should be dismissed for lack of personal jurisdiction or under the doctrine of forum *non conveniens*. Defendants further assert that the out-of-state Plaintiffs' claims were either fraudulently joined or procedurally misjoined, and thus the non-diverse Plaintiffs' citizenship should be ignored for purposes of determining jurisdiction. Defendants have filed a motion to dismiss (Doc. 5) and a motion to sever the non-diverse parties (Doc. 8) on these bases. However, because subject matter jurisdiction is clearly lacking on the face of the Complaint, this Court once again declines Defendants' invitation to address the issue of personal jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587–88, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) (stating that if subject-matter jurisdiction involves "no arduous inquiry," then "both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first"); *Anglin v. Bristol-Myers Squibb Co.*, 2012 WL 1268143, at *4 (S.D. Ill. 2012); *Lambert v. Wal-Mart Stores, Inc.*, 2015 WL 264817, at *3 (S.D. Ill. 2015).

As they did in *Rios*, Defendants also seek to invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331, asserting that Plaintiffs' claims depend on the resolution of a substantial, disputed federal question and that the exercise of jurisdiction will not disrupt the balance between federal and state jurisdiction adopted by Congress. Pursuant to 28 U.S.C. § 1331, federal district courts may assert jurisdiction over cases arising under the Constitution, laws, or treaties of the United States. Federal question jurisdiction is present where the face of the Complaint alleges a violation of federal law. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). To establish federal question jurisdiction in this case, Defendants must show either: (1) that a federal statute grants the court jurisdiction; or (2) that there is common law jurisdiction to a "uniquely federal interest," which would be frustrated by the "application of state law." *Northrop Corp. v. AIL Systems, Inc.,* 959 F.2d 1424, 1426–27 (7th Cir. 1992).

In *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), the plaintiff alleged that ingestion of a drug manufactured by the defendant resulted in birth defects, claiming in part that the drug was "misbranded" in violation of the Food, Drug, and Cosmetic Act (FDCA). *Id.* at 805. The Supreme Court noted that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Id.* at 813. The Court went on to hold that even though federal law would have to be applied in resolving the case, the issues did not sufficiently implicate important federal interests since the FDCA provides no federal cause of action. *Id.* at 814. Likewise, while Plaintiffs in the instant action allege that Defendants' conduct violates the FDCA and, as such, the disposition of the case will likely require the consideration of federal regulations, those facts alone are insufficient to create federal question jurisdiction. *See Lancaster v. Astellas Pharma, Inc.,* No. 08–cv–0133–MJR, 2008 WL 4378441, at *4 (S.D. Ill. 2008) (noting "the mere fact that a state court may have to reference federal regulations in determining the outcome of a claim is not sufficient by itself to create a substantial federal question); *Wagner v. Wisconsin Auto Title Loans, Inc.,* 584 F.Supp.2d 1123, 1125 (E.D. Wis. 2008) (incorporation of federal regulation though state statute insufficient to create disputed issue of federal law where alleged conduct, if true, would indisputably violate federal statute); *Fuller v. BNSF Ry. Co.,* 472 F.Supp.2d 1088, 1094 (S.D. Ill. 2007) (rejecting federal question jurisdiction where plaintiff's complaint cited a "a lone federal regulation as an element of a state-law tort claim"); *Orbitz, LLC v. Worldspan, L.P.,* 425 F.Supp.2d 929 (N.D. Ill. 2006) (declining to exercise federal question jurisdiction where plaintiffs' claim under the Illinois Consumer Fraud and Deceptive Business Practices Act alleged violation of federal regulations but resolution of claim turned on showing of deceptive conduct).

Because this Court lacks subject matter jurisdiction over this matter, it is obligated, pursuant to 28 U.S.C. § 1447(c), to remand the case back to the Circuit Court of the Third

Judicial Circuit, Madison County, Illinois. Accordingly, the Clerk of Court is **DIRECTED** to **REMAND** this case and to terminate all pending motions as **MOOT**.

**IT IS SO ORDERED.**

**DATED: August 4, 2017**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**